Fry, Respondent, vs. Integrity Mutual Insurance Company, Appellant.

*February 5—March 11, 1941.*

*Edward J. Byrne* of Appleton, for the appellant.

*Byron B. Conway* of Wisconsin Rapids, for the respondent.

FOWLER, J.   The plaintiff sued on a fire insurance policy to recover a personal-property loss by fire within the period of a policy issued to him.   The company defends on the ground that the policy was canceled prior to the loss for nonpayment of the premium.

The jury found that, (1) the plaintiff paid $4.30 as premium; (2) the agent of the defendant company sent the policy to the company for cancellation *without authority from the plaintiff*.   It was stipulated that a fire occurred within the period of the policy and that the property destroyed was worth $825.   On the findings and stipulation stated, judgment was entered for the plaintiff for one half the value of the property.

It is without dispute that the term of the policy was three years; that the premium was $6; that the policy in the first instance was sent by the company for delivery to the plaintiff and was by the agent delivered to him; that the policy was afterwards sent in to the company by its agent with direction to cancel it for nonpayment of premium and was marked "canceled;" and that the agent sent no premium money to the company.

The plaintiff, after delivery of the policy to him, handed the policy to the agent of the company.   He claims he did so to get the location of the property changed in the policy because he had moved.   He also claims that the agent agreed with him to waive his commission for securing the policy, and that this made the amount of the premium to be sent to the company $4.20; that he paid $3 in cash to the agent,

and the agent owed him $1.30, and the agent was to send this amount to the company as the balance of the premium. The agent denies this and claims that the plaintiff returned the policy to him saying the premium was too high.

We consider that the findings of the jury are sustained by the evidence.

The agent had thirty days in which to remit premiums paid to him to the company. The policy provided that if premiums were not paid within forty-five days from the date of an application for a policy the policy should be void until the payment should be made, without any notice to the holder, and the company would not be liable for a loss sustained in the interim.

The trial court held that the agreement of the agent to send the $1.30 owing by him to the plaintiff was not binding on the company, but held on the finding by the jury that $3 cash was paid within forty-five days from the application for the policy and this payment bound the company. It further held that under sec. 201.53 (9), Stats., which provides in substance that in case of wilful violation of any provisions of that statute forbidding reduction of premiums, the policy shall not be void but the policyholder may recover such portion of a loss under the policy as the premium paid bears to the premium payable, the plaintiff should recover fifty per cent of the stipulated loss, as the $3 paid in cash was fifty per cent of the total premium due on the policy.

We think that the trial court correctly so held. Sub. (2) of sec. 201.53, Stats., reads:

"No insurance company, nor any officer, agent or employee thereof, shall pay, allow or give or offer to pay, allow or give, nor shall any person receive, any rebate of premium, or any special favor or advantage whatever in the dividends or other benefits to accrue, or any valuable consideration or inducement whatever not specified in the policy."

The promise of the agent to waive his commission, which the jury by necessary implication found the plaintiff's agent agreed to do, was at most nothing more than a reduction of the premium, and the agreement of the agent to remit to the company the $1.30 which he owed the plaintiff, was at most no more than a "special favor or advantage" not specified in the policy. Such agreements only reduced the amount payable on the policy in case of loss.

The defendant assigns as error failure to submit to the jury the question whether the agent agreed to waive his commission. It is not claimed in the brief of defendant that request was made for submission of such question. The fact is therefore taken as found by the court in support of the judgment under sec. 270.28, Stats.

*By the Court.*—The judgment of the county court is affirmed.